29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
M. Ashley DICKERSON, aka Mahala Ashley Dickerson; William
F. Bocast; William Andrew; Mary Andrew,
Plaintiffs-Appellants,
v.
Duke WILLIAMS; Jean Williams; Matanuska Susitna Borough,
Defendants-Appellees.
 No. 93-35237.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided July 22, 1994.
 
 Before: POOLE, BRUNETTI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 In 1976, William and Mary Andrew subdivided certain real property located in the Matanuska-Susitna Borough in Alaska. M. Ashley Dickerson, Larry Card, and Steven Browner (collectively, "Dickerson"; M. Ashley Dickerson is referred to as Ms. Dickerson) purchased a forty-acre parcel from the Andrews. Ms. Dickerson, Mr. Card, and Mr. Browner are African Americans. All other persons involved in this dispute are not black.
 
 
 3
 Jean and Duke Williams purchased the ten-acre parcel immediately to the west of the Dickerson property. William F. Bocast owns two ten-acre parcels to the west of the Williams parcel. When Jean and Duke Williams purchased their property, it contained an easement on the north end of the parcel that ran the width of the parcel from east to west and extended 200 feet south from the north property line. The entire easement was for use as a public right-of-way. The instrument granting the easement may also have created a private easement in the same location for the benefit of adjacent landowners. A jeep trail providing access to the Dickerson property traversed the easement. Part of the trail crossed over onto a portion of the Williams property not subject to the easement.
 
 
 4
 In November 1990, the Williamses applied to the Borough's Platting Board to vacate a portion of the public easement. The Platting Board held several noticed public hearings in 1991. Ms. Dickerson participated in these meetings and submitted written statements. On June 20, 1991, the Board passed a resolution approving vacation of the southern 100-foot portion of the easement contingent on the Williamses constructing an equivalent access road in the northern 100-foot portion of the easement. Dickerson did not receive notice of a Platting Board meeting held on August 15, 1991, at which board members discussed clarifications of the June 20, 1991 resolution but did not take formal action on the Williamses' application. The Williamses participated in that meeting. After the Williamses built a gravel road in the northern 100-foot portion of the easement, the vacation of the southern 100-foot portion was recorded. The resolution passed by the Platting Board did not purport to affect any private easement that landowners adjacent to the Williams property might hold.
 
 
 5
 Dickerson, Bocast, and William and Mary Andrew filed suit in federal district court alleging that the Matanuska-Susitna Borough, together with Jean and Duke Williams, violated their rights under the Fifth and Fourteenth Amendments to the United States Constitution and unlawfully conspired to deprive them of those rights under 42 U.S.C. Sec. 1983. The plaintiffs also alleged state law claims. The district court granted defendants' motion for summary judgment on the federal claims and dismissed the state claims without prejudice. We affirm.
 
 II.
 
 6
 The plaintiffs have not asserted a viable federal constitutional claim against the Williamses because they have not shown that the Williamses acted under color of law. See Adickes v. Kress & Co., 398 U.S. 144, 150 (1970); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir.1989), cert. denied, 493 U.S. 1056 (1990). Plaintiffs claim that racial bias motivated the Williamses' application to vacate the easement and that the Williamses participated in a conspiracy with Borough officials to deprive them of constitutional rights. As evidence of racial bias, they presented the affidavit of Linda Andrew Wilbur, daughter of William and Mary Andrew, stating that Jean Williams said she did not "want a bunch of blacks back there." Wilbur did not claim that anyone else was present when Jean Williams allegedly made this statement. Plaintiffs also claim that the Williamses blocked access to Dickerson's property by piling berm and trash on the jeep trail at the property line, and that the Borough condoned this. They further allege that the August 15, 1991 meeting was a secret meeting between the Williamses and Borough officials, and that discussion at that meeting resulted in a change to the June 20, 1991 resolution which deprived Dickerson of adequate access to her property. In addition, they allege that Platting Board members visited the Williamses privately to inspect the property.
 
 
 7
 There is no genuine issue of material fact as to whether a conspiracy to deprive plaintiffs of their civil rights existed between the Williamses and Borough officials. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). There is no evidence that Borough officials were motivated by racial animus or were aware of any racial bias on the part of the Williamses. There is no evidence that Borough officials condoned the berm and refuse piles blocking the jeep trail. The Platting Board took no official action at the August 15, 1991 meeting, and the minutes of that meeting do not provide evidence of a conspiracy. Moreover, there is nothing out of the ordinary about individual Borough officials discussing an application with the persons who submitted it.
 
 
 8
 The mere existence of a scintilla of evidence in support of plaintiffs' position is insufficient to oppose a motion for summary judgment. There must be evidence on which a jury could reasonably rely to find in favor of the plaintiffs. Id. at 252. There is no evidence that the Williamses and Borough officials reached an understanding to deprive plaintiffs of their rights. See Adickes, 398 U.S. at 158. Nor is there evidence that the Platting Board failed to exercise its independent judgment. United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1541 (9th Cir.) (en banc ), cert. denied, 493 U.S. 809 (1989). There is therefore no genuine issue of fact as to whether a conspiracy existed in this case. The district court properly granted summary judgment in favor of the Williamses on plaintiffs' section 1983 claim.
 
 III.
 
 9
 Even if the evidence of a conspiracy were sufficient to survive summary judgment, plaintiffs have not presented evidence that any constitutional deprivation occurred. See Adickes, 398 U.S. at 150 (plaintiff must prove a violation of the Constitution or laws of the United States to recover under section 1983).
 
 
 10
 Plaintiffs allege that their due process rights were violated because they were not given the opportunity to participate in the August 15, 1991 meeting. Plaintiffs had several opportunities to present their views before the Platting Board before it passed the June 20, 1991 resolution. Although they did not receive notice of the August 15, 1991 meeting, the transcript of that meeting indicates that it involved only an informal discussion clarifying the specifications for the road that the Williamses were required to build. Plaintiffs received adequate notice and opportunity to be heard before the Borough vacated a portion of the public easement. Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 13 (1978); cf. Harris v. County of Riverside, 904 F.2d 497 (9th Cir.1990).
 
 
 11
 Similarly, there is no genuine issue of fact as to whether the Borough violated Dickerson's equal protection rights. Summary judgment is appropriate because there is no evidence that the Borough was motivated by racial animus, and the Board's findings indicate that its action in vacating a portion of the public use easement was rationally related to a legitimate governmental interest. See United States v. Sperry Corp., 493 U.S. 52, 65 (1989); Kadrmas v. Dickerson Pub. Sch., 487 U.S. 450, 457-58 (1988). The Board made the following findings:
 
 
 12
 9. The existing jeep trail and trail constructed in May of 1991 leaves the 200' access easement and trespasses on private property. The alternate equal access will be through a public access easement thus providing superior and legal access to the adjacent property.
 
 
 13
 10. The road contractor appearing in the video tape submitted for the record by Ms. Dickerson, also believed that a road could well be constructed to Borough standards let alone to jeep trail equivalency.
 
 
 14
 Vacating part of the easement on the condition that the Williamses construct an equivalent access road is rationally related to the Borough's interest in preventing public trespass on private property.
 
 
 15
 Finally, plaintiffs have not established that there is a genuine issue of fact regarding whether an unconstitutional taking occurred in this case. The Borough's resolution did not purport to affect any private interest that plaintiffs may have in the southern 100-foot portion of the easement. Moreover, there is no evidence that actions by Borough officials deprived Dickerson of access to her property or of economically viable use of her property. See Lucas v. South Carolina Coastal Comm'n, 112 S.Ct. 2886, 2895 (1992).
 
 IV.
 
 16
 The district court properly invoked 28 U.S.C. Sec. 1367(c) to dismiss plaintiffs' state law claims without prejudice.
 
 V.
 
 17
 Plaintiffs have not presented evidence creating a genuine issue of material fact that a conspiracy existed between the Williamses and Borough official, or that they were denied due process or equal protection rights. Moreover, the district court properly declined to exercise jurisdiction over plaintiffs' state law claims. The judgment of the district court is affirmed.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3